The opinion of the Court was delivered by
Withers, J.
We shall enter upon no review of our own, or of other cases, with a view to say what this case might suggest, but what is not necessary to its determination. It is safe to observe, that the Courts of this State look with a stronger spirit of condemnation upon every class of cases involving gaming transactions than have the English Courts upon some of them: and this will appear from what is contained in the case of Rice vs. Gist, (1 Strob. 82.)
The money which Bledsoe sued for he had deposited with Thompson, as a wager upon a horse race. He lost the race, but directed Thompson not to pay the money over. The winner had no legal right to it: his action for it could not have been sustained, whether directed against Thompson, the stakeholder, or against Bledsoe. • Why could not the latter countermandany previous authority that might have been communicated to Thompson ? It was not a case in which Thompson held an agency coupled with an interest in himself: nor one in which Thompson had incurred a liability the discharge of which required that he should pay the deposite to the winner; nor one in which any right of a third party cognizable by the law de *46 manded that Thompson’s trust or agency should be regarded irrevocable; nor one in which two principals had mutually constituted a common agent, the entire fulfilment of whose agency? as originally defined, had become necessary to vindicate the supervening legal rights of either of the two; nor one in which legal rights of a third person had arisen upon a partial execution of an agency created by Bledsoe. It is a case in which the defendant held for the plaintiff an illegal wager (one at least which the law does not sanction, though an indictment might not lie); and in such case we have the opinion of the English Court, that either party, even the loser, may recover from the stakeholder the money deposited by him, whether the wager, or event, be decided or not; provided he demand his money before the same be actually paid over, after the event, to the winner : (vide Hastelow vs. Jackson, 15 Eng. Com. Law R. 204.) Without, therefore, prosecuting the inquiry into any other grounds that might be discussed in such a case as this, the foregoing considerations have brought us to affirm the conclusion on the Circuit, and to adjudge that the motion be refused. And it is ordered accordingly.
O’Neall, Wardlaw, Frost and Whitner, JJ., concurred.

Motion refused.